UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. _____

**ROBERT DUFFER,**

*Plaintiff*

**v.**

**NEXTDOOR, INC.**

*Defendant*

# COMPLAINT

## PARTIES

Robert Duffer is a citizen of Montana, and during relevant times, was a citizen of Massachusetts.

Nextdoor, Inc. is a corporation with its principal place of business in San Francisco, California.

## JURISDICTION

This Complaint is filed pursuant to 28 U.S.C. §1332, where the amount in controversy exceeds $75,000 and the parties are from different states.

## PERFONAL JURISDICTION

Jurisdiction is proper in this forum where Nextdoor maintains many online Nextdoor neighborhoods, and where the events leading to this suit occurred.

## FACTS

1. Nextdoor, Inc. [*Nextdoor*] maintains websites called *neighborhoods*, where members chat and also offer contractor and other services.

2. In or about 2019, Plaintiff Duffer joined *Nextdoor*.

3. Mr. Duffer is a contractor who offered carpentry and other household repair services to other *Nextdoor* members in his Massachusetts neighborhood.

4. In or around October 2020, Mr. Duffer installed a fence for a *Nextdoor* neighborhood

1

member. Parts necessary to the installation were either missing or not the correct parts but the *Nextdoor* neighbor asked Mr. Duffer to install the fence anyway because the correct parts would not be available until March.

5. After the job was completed, the neighbor paid for the work and thanked Mr. Duffer for, "a job well done."

6. Subsequently, the apparently-disgruntled neighbor posted comments on *Nextdoor,* as recalled by Mr. Duffer. "Approximately four weeks later, [the neighbor] went on Next Door [sic] and, contrary to her "job well done" provided a review which stated I did a horrible job and not to use me. She followed up her statement with my name, business name, and number and gave recommendations of other contractors "better suited" to do the work."

7. These comments were followed by other negative comments concerning Mr. Duffer leading to a starkly negative comment on *Nextdoor* concerning Mr. Duffer. "I will continue to bash and talk negatively about you so no one has to ever deal with you again and no one ever hires you again."

8. *Nextdoor* was alerted by an associate of Mr. Duffer that the commentary was doing damage to Mr. Duffer's reputation—that it was false, and should be removed from publication.

9. However, all or most of this negative commentary remained published on the *Nextdoor* page.

10. In its user-agreement in force when Mr. Duffer joined, *Nextdoor* addresses this issue. "Do not provide us with any Content that you don't have the right to publish, or that is defamatory, infringing, illegal or otherwise tortious. We do not proactively moderate Content posted by members; however, we can remove Content posted by you, suspend, delete or deactivate your account or limit privileges, or otherwise refuse service to you, if you violate this Agreement or our other policies, or infringe intellectual property, or otherwise engage in behavior that we think harms a Nextdoor neighborhood."

11. The purported, "user agreement," is not an ordinary agreement or contract and members don't sign the contract but by pressing the *Nextdoor*, "join," icon have agreed to an adhesion contract whether the terms have been read or not.

12. Members inadvertently, "agree," to use arbitration rather than the Courts.

13. Members leave their Constitutional rights at the *Nextdoor* gate by agreeing, "YOU AND NEXTDOOR HEREBY WAIVE ANY CONSTITUTIONAL AND STATUTORY RIGHTS TO SUE IN COURT AND HAVE A TRIAL IN FRONT OF A JUDGE OR A JURY." [Emphasis supplied by *Nextdoor*].

14. The contract to which *Nextdoor* members purportedly agree by pressing the, "join button," is grossly disproportional. "We welcome you to share any feedback, suggestions, or ideas you have about Nextdoor with us, so long as you understand we may have already had the same idea, and you agree that we are free to use any feedback you voluntarily provide with no restriction or obligation (payment or otherwise) to you."

15. The content complained of on behalf of Mr. Duffer was not removed before serious damage had been done to Mr. Duffer's reputation with dire financial consequences.

16. Some of the damaging posts were removed only after an associate of Mr. Duffer had flagged the posts. The damaging posts had been visible on the *Nextdoor* site for about three weeks.

17. Mr. Duffer obtained his contracting work from *Nextdoor*. In 2019, his business earned about $100,000. After the false-and-defamatory comments regarding his work in the *Nextdoor* neighborhood, four prospective jobs were cancelled, representing more than $18,000 that Mr. Duffer would have earned. Because of the false-and-defamatory commentary on *Nextdoor,* Mr. Duffer received no new business from the *Nextdoor* neighborhood in Massachusetts where he lived.

18. In the spring of 2021, Mr. Duffer relocated to Montana where he maintains a successful contracting business.

## CAUSE OF ACTION
## M.G.L. Chapter 93A

The Massachusetts Consumer Protection law prohibits unfair or deceptive business practices.

That the Defendant—in a contact of adhesion-- led the Plaintiff to believe that disparaging postings damaging his reputation on the *Nextdoor* website would, if reported, be removed from publication is both unfair and deceptive.

## NEGLIGENCE

The Defendant led the Plaintiff to believe that it had the duty to remove disparaging commentary when reported. This duty was breached when the commentary remained in publication. Consequently, the Plaintiff suffered loss of income.

## **PRAYERS FOR RELIEF**

**WHEREFORE,** the Plaintiff demands $118,000, representing earnings he would have enjoyed but for the disparaging *Nextdoor* postings that remained in publication after the postings had been reported to *Nextdoor*.

Additionally, the Plaintiff requests reasonable Attorney fees, and that to the extent that *Nextdoor's* conduct was willful, a multiplication of the award.

Respectfully Submitted,

__/s/__Mark Ellis O'Brien___
Post Office Box 342
Lunenburg, Massachusetts 01462
978.790.1936.
justice457@gmail.com

28 December 2022