```
                   United States District Court
                     District of Massachusetts
 ─────────────────────────────────────
                                      )
 Robert Duffer,                       )
                                      )
         Plaintiff,                   )
                                      )   Civil Action No.
         v.                           )   22—CV-12214-NMG
                                      )
 Nextdoor, Inc.,                      )
                                      )
         Defendant.                   )
                                      )
 ─────────────────────────────────────
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Robert Duffer ("plaintiff" or "Duffer") seeks to hold Nextdoor, Inc. ("defendant") liable for its failure to remove negative comments made about plaintiff's contracting business on Nextdoor's online platform.

Defendant moves to dismiss the complaint filed by plaintiff on the grounds that (1) plaintiff's claims are barred pursuant to Section 230 of the Communications Decency Act, 47 U.S.C. § 230 ("Section 230"), (2) plaintiff's claims are barred pursuant to Nextdoor's member agreement agreed to by Duffer and (3) plaintiff has failed to state a claim for which relief can be granted under Massachusetts law.

Because this Court finds that defendant's first ground for dismissal is well taken, its motion to dismiss will be allowed.

I.  **Background**

Nextdoor provides an online social networking platform that enables community members to connect and share information that impacts their neighborhood.  Among other things, the platform caters to businesses that seek to promote their products or services.  According to his complaint, plaintiff joined the platform in or about 2019 to market his contracting business in his neighborhood in Massachusetts.

Plaintiff alleges that in October, 2020, he received a negative review on Nextdoor from a former customer.  A series of other negative reviews followed.  An associate of the plaintiff alerted Nextdoor about the reviews and requested their removal.  Eventually, Nextdoor did remove some reviews, although the posts remained online for roughly three weeks.  Other negative reviews were never removed by Nextdoor.

Duffer complains that he received no new business through Nextdoor after those negative reviews were left online.  In the spring of 2021, he relocated to Montana and revamped his contracting business.

Plaintiff alleges that Nextdoor engaged in unfair or deceptive business practices under M.G.L. Chapter 93A and was

negligent in its failure to remove disparaging comments. He accordingly seeks to recover, among other things, $118,000 in lost earnings.

## II.  Legal Standard

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the subject pleading must contain sufficient facts to state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the court can draw the reasonable inference that the defendant is liable for the misconduct alleged. Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

A court may not disregard properly pled factual allegations in the complaint even if actual proof of those facts is improbable. Id. Rather, the court's inquiry must focus on the reasonableness of the inference of liability that the plaintiff is asking the court to draw. Id. at 13.

## III. Application

Defendant contends that Section 230 requires dismissal of all of plaintiff's state law claims. While preemption under that section is an affirmative defense, "it can still support a

motion to dismiss if the statute's barrier to suit is evident from the face of the complaint." Nat'l Ass'n of the Deaf v. Harvard Univ., 377 F. Supp. 3d 49, 68 (D. Mass. 2019) (quoting Klayman v. Zuckerberg, 753 F.3d 1354, 1358 (D.C. Cir. 2014)); see also Force v. Facebook, 934 F.3d 53, 63 n.15 (2d Cir. 2019) (application of Section 230 at pleadings stage was not premature).

Under Section 230(c)(1), a defendant is shielded from liability for a state law claim if:

> (1) [the defendant] is a provider or user of an interactive computer service; (2) the claim is based on information provided by another information content provider; and (3) the claim would treat [the defendant] as the publisher or speaker of that information.

Monsarrat v. Newman, 28 F.4th 314, 318 (1st Cir. 2022) (internal citation omitted).

Defendant contends that all three elements are met in the case at bar.  In his opposition, plaintiff does not dispute that the first and second elements have been met.  Nextdoor is clearly a provider of interactive computer service under Section 230 and plaintiff's claim is based on information that other community members posted on Nextdoor. See id. ("A user or provider of an interactive computer service remains liable for its own speech.").

With respect to the third element, Duffer first contends that his claim does not treat Nextdoor "as a publisher, but as [sic] computer service provider." Confusingly, thereafter, he maintains that whether

> Nextdoor is a publisher is irrelevant [because] irrespective of who the publisher is, Nextdoor had the opportunity, authority and duty to right the wrong by removing the postings.

Plaintiff's understanding of Section 230(c)(1) is, however, mistaken. As the First Circuit Court of Appeals has recognized, Section 230 was designed to shield website operators from being "'treated as the publisher or speaker' of material posted by users of the site." Jane Doe No. 1. v. Backpage.com, LLC, 817 F.3d 12, 18 (1st Cir. 2016) (quoting 47 U.S.C. § 230(c)). Accordingly,

> lawsuits seeking to hold a service provider liable for its exercise of a publisher's traditional editorial functions — such as deciding whether to publish, withdraw, postpone or alter content — are barred.

Id. (quoting Zeran v. Am. Online, Inc., 129 F.3d 327, 330 (4th Cir. 1997)).

Here, Duffer seeks to hold Nextdoor, a service provider, liable for its failure to remove material posted by users of its website. Because the removal of content is a traditional editorial function, Section 230(c)(1) bars plaintiff's lawsuit. See Force, 934 F.3d at 65 (finding Facebook's alleged failure to

delete content to be "within the heartland of what it means to be a 'publisher'" under Section 230(c)(1)).

Plaintiff argues that even if Section 230 applies, the federal statute does not preempt his state law claims but that argument is without merit. Section 230 expressly preempts state law claims that do not fall within the narrow exceptions identified in Section 230(e). None of the enumerated exceptions applies in the case at bar.

Because this Court finds that Section 230(c)(1) requires dismissal of all of plaintiff's claims, it declines to consider defendant's arguments regarding the application of its member agreement or plaintiff's failure to state a claim under state law. Section 230's barrier to suit is evident from the face of plaintiff's complaint. See Nat'l Ass'n of the Deaf, 377 F. Supp. 3d at 68.

### ORDER

For the reasons set forth above, defendant's motion to dismiss (Docket No. 5) is **ALLOWED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated:  October 31, 2023